UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AALEN P.,

            Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. C20-5826-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING**

Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found headaches, asthma, degenerative disc disease of the cervical spine, rotator cuff tendinitis, neuropathy, persistent depressive disorder, borderline personality disorder, and posttraumatic stress disorder are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform sedentary work subject to further limitations; and Plaintiff is not disabled because he can perform jobs in the national economy. Tr. 18-31.

Plaintiff contends the ALJ erroneously discounted Plaintiff's testimony concerning his headaches and erred at step five. Dkt. 14. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

# DISCUSSION

The Court may reverse the Commissioner's denial of Social Security benefits only if the ALJ's decision is legally erroneous or not supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

## A.     Plaintiff's Testimony

The ALJ found Plaintiff presented objective medical evidence establishing underlying impairments that could cause the symptoms he alleged and did not find malingering. The ALJ was thus required to provide "specific, clear, and convincing" reasons supported by substantial evidence to discount Plaintiff's testimony. *Trevizo*, 871 F.3d at 678.

The ALJ noted Plaintiff testified "he gets migraines three to five times a week and they are often caused by stress" and "he gets constant sharp pains in his skull, which causes blurred vision and migraines." Tr. 24. The ALJ rejected this testimony as inconsistent with the medical evidence. Tr. 24-25. In specific, the ALJ pointed to Plaintiff's "typically unremarkable presentation during appointments, head examinations "noted as being normocephalic and atraumatic," "normal neurological examinations," and "medical imaging of the claimant's head reveal[ing] no intracranial abnormality." *Id*. As Plaintiff correctly points out, the absence of headache on examination or otherwise normal imaging results do not preclude chronic headaches. *See* SSR 19-4p ("While imaging may be useful in ruling out other possible causes of headache symptoms, it is not required for a primary headache diagnosis."). Further, the ALJ lacks medical expertise to make conclusions about the clinical findings necessary to determine the cause of migraine headaches where the cause is generally unknown. *See Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (recognizing that an ALJ is "not qualified as a medical expert"); *Johnson v. Saul*, No. 2:18-cv-226-EFC, 2019 WL 4747701, at *4 (E.D. Cal. Sept. 30,

2019) (noting that "the cause of migraine headaches is generally unknown"); *Groff v. Comm'r of Soc. Sec.*, No. 7:05-CV-54, 2008 WL 4104689, at *8 (N.D.N.Y. Sept. 3, 2008) (citing *The Merck Manual* 1376 (17th ed. 1999)). The ALJ accordingly erred by discounting Plaintiff's testimony on this ground. However, the error is harmless in light of the other valid reason supported by substantial evidence given to discount Plaintiff's testimony. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

The ALJ also discounted Plaintiff's testimony as inconsistent with his improvement with medications. Tr. 25. Although Plaintiff had concerns about Topamax's efficacy in 2015, he was not advised until February 2018 to taper off it. *See* Tr. 505, 530. The ALJ also pointed to a September 21, 2018 treatment note indicating Verapamil "[w]as working well for him." Tr. 762. Plaintiff contends he was hospitalized the same day for "migraine headaches that had lasted two days." Dkt. 7 at 13. However, Plaintiff cites to a record from *December* 2018 indicating Plaintiff was hospitalized following an "altercation" with her daughter. Tr. 765-66. Plaintiff did not discuss migraines or headaches at this visit. While the record shows Plaintiff presented to the emergency room on another occasion after "suffering from a migraine for the last two days," Tr. 627, this was on September 9, 2018, *before* Plaintiff's doctor indicated Verapamil "[w]as working well for him." Tr. 762. The ALJ reasonably relied on this latter assessment and the balance of the record as a whole[1] in finding Plaintiff's headaches improved with medication. The ALJ thus did not err by discounting Plaintiff's testimony on this ground. In sum, because the

---

[1] Plaintiff erroneously contends the amended onset date is August 27, 2018. Dkt. 19 at 7. Plaintiff argues the ALJ thus erred by relying on medical evidence and improvement with treatment that predates this purported amended onset date. However, at the hearing Plaintiff amended the onset date to "the day after" the date of a previous decision, *i.e.*, August 29, 2015. Tr. 47; *see* Tr. 66-89 (previous unfavorable decision dated August 28, 2015). The ALJ indicated in the instant decision Plaintiff alleged disability beginning August 28, *2015*. Tr. 15. While not consistent with what Plaintiff requested and which the ALJ acknowledged at the hearing, the record does not support a finding Plaintiff intended to amend his onset date to *2018*.

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING - 3

ALJ discounted Plaintiff's testimony giving one valid reason supported by substantial evidence, other errors the ALJ made in rejecting the testimony is harmless.

**B.     Step Five Findings**

Plaintiff contends the ALJ erred at step five in finding he can work as in "hand packaging," and as a "final assembler." Dkt. 19 at 10. Plaintiff argues these jobs are performed in environments where the noise level is above moderate, and thus exceed the RFC determination. The VE testified there is a subset of 15,000 hand packaging jobs limited to "candles and confections, dried fruits and the like" that are sedentary jobs, and while "there are some others," "they're in environments where the noise level is above moderate." Tr. 61. Plaintiff's argument about the noise level regarding the hand packaging job thus fails because the VE identified certain hand packaging jobs that fall within Plaintiff's limitations regarding noise.

Although the VE testified there are 15,000 sedentary hand packaging jobs where the noise level is not above moderate, the VE did not provide similar testimony as to the final assembler job. Based upon this record, there is substantial evidence to support the finding Plaintiff can perform hand packaging jobs in the subset identified by the VE. However, the ALJ's finding Plaintiff can perform final assembler jobs within Plaintiff's noise RFC is not supported by substantial evidence or VE testimony and the finding Plaintiff can perform this job is thus erroneous.

Plaintiff also argues the ALJ erred in finding the jobs the VE identified exist in sufficient numbers in the national economy. As discussed above, substantial evidence does not support the ALJ's finding Plaintiff can perform the final assembler job. That leaves the 15,000 subset of hand packaging jobs the VE identified that were both sedentary and could be performed in environments that did not exceed moderate sound levels. 15,000 jobs falls far short of the "close

call" of 25,000 jobs identified by the Ninth Circuit in *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014). Accordingly, the Commissioner has not met his step five burden of demonstrating the existence of a "significant" number of jobs Plaintiff can perform and the case must be remanded.

## CONCLUSION

Plaintiff contends the ALJ harmfully erred and requests the Court remand the case for an immediate award of benefits. The Court remands for an award of benefits only in the rare case in which there are no factual matters to resolve and further proceedings would not be helpful. Here, whether there are jobs in the national economy that Plaintiff can perform is a factual determination that requires expert testimony and thus further factual development and assessment. This is question that is reserved to the Commissioner and thus further proceedings are not only helpful but necessary.

The Court accordingly **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). The Court affirms the ALJ's findings regarding Plaintiff's testimony and orders that on remand, the ALJ shall proceed to step five, obtain additional VE testimony and redetermine whether there are jobs in the national economy that exist in significant numbers Plaintiff can perform.

DATED this 28th day of June 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge